Burke, J.
left it to the jury to find a general verdict, or a special one, and leave the construction of the law to the court, as they thought proper.
The jury, however, returned a kind of compound verdict for 38/. 18s. 8d. the amount of money as depreciated in February, 1780, but allowed interest on the nominal sum contended for, making together 110/. l.s. Sd.
In January term, 1787, before Pendleton, Burke, and Heyward, Justices, the plaintiff’s counsel moved for anew trial, on the ground that the jury had found a contradictory verdict, partly for the plaintiff, and partly for the defendant, which could not be reconciled upon any principle of Ipw : for if the plaintiff was entitled to interest on 1106/. 11s. 5d° he was surely entitled to the principal upon which that interest was calculated. If only to 38/. 18s. 8d. then this last sum, with interest on it, ought to have been their verdict.
Wattes said, that the jury had in their discretion, as it was an action sounding in damages, exercised a kind of chancery power, and had given their verdict in that manner, so as to divide the loss, which the defendant was willing to submit to. Besides, if ever the plaintiff was called upon by *37 Kershaw, or his representatives, he would only have to make good the difference of the principal sum, as by this verdict he got back the value of the money he paid, 38 h 18s. 8d. in part of the principal sum, and all the interest.
Per Curiam. As this is a case sounding in damages, and as the jury have thought proper to give a kind of equitable verdict between the parties ; and as this also appears to be a hard case, we are against granting a new-trial.
Motion discharged.